THE PRESIDENT, DIRECTORS AND COMPANY OF THE SOM-
ERSET COUNTY BANK v. A. A. BEEKMAN AND C. P.
WILLIAMSON.

In a suit commenced in the Supreme Court against two defendants, the
plaintiff is entitled to costs by virtue of the act of February 27th, 1884,
where he receives less than $200 and more than $100, provided the
defendants do not reside in the same county.

In matter of costs.

Argued at November Term, 1887, before Justice VAN
SYCKEL.

For the plaintiff, *J. D. Bartine.*

VAN SYCKEL, J.   The plaintiff is a bank located in Som-
erset county, in this state.   The defendant Beekman resides
in Somerset county, and the other defendant in the county of
Passaic.   The suit is against the drawer and endorser of a
promissory note, brought in this court, in which judgment is
entered for $105.   The question is whether, under the act of
February 27th, 1884 (*Rev. Sup., p.* 811, *pl.* 16), the plaintiff
is entitled to costs.

This amended section provides " that if in any suit com-
menced in the Supreme Court the plaintiff shall not recover
above two hundred dollars, exclusive of costs, then such plain-
tiff shall not be entitled to costs ; but this section shall not ex-
tend to any suit in which the title to lands, tenements, here-
ditaments or other real estate may in anywise come in question,
or where the parties to a suit in which the amount recovered,
exclusive of costs, exceeds one hundred dollars, do not reside
in the same county."

Where drawer and endorser reside in different counties they
cannot be joined in a suit as defendants unless it is instituted

in the Supreme Court. Prior to this amendment, where the sum recovered in the Supreme Court was over $100, but not in excess of $200, the plaintiff was not entitled to costs. He was compelled, therefore, to sue the defendants separately or pay his own costs. It is an advantage to the endorser to be sued jointly with the maker, because, under our practice, he can pay the judgment, and control it to compel repayment from the party primarily liable.

The act of 1884 provides that suit may be brought in the Supreme Court and the plaintiff not excluded from recovering costs where the parties do not reside in the same county. In this case one defendant resides in Somerset and the other in Passaic, and not in the same county. The plaintiff, therefore, having recovered more than $100, is entitled to costs, although his recovery is not in excess of $200. This construction remedies the mischief which existed prior to the passage of the supplement.